**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PATRICK CHRISTIAN,<br><br>    Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. EDCV 14-1623-JPR<br><br>**MEMORANDUM OPINION AND ORDER REVERSING COMMISSIONER** |

**I.   PROCEEDINGS**

Plaintiff seeks review of the Commissioner's final decision denying his application for Social Security supplemental security income ("SSI"). The parties consented to the jurisdiction of the undersigned U.S. Magistrate Judge under 28 U.S.C. § 636(c). The matter is before the Court on the parties' Joint Stipulation, filed May 29, 2015, which the Court has taken under submission without oral argument. For the reasons stated below, the Commissioner's decision is reversed and this action is remanded for further proceedings.

1

**II.   BACKGROUND**

Plaintiff was born in 1963. (Administrative Record ("AR") 17, 52, 130.) He attended college and apparently received an associate of science degree.[1] (AR 31.) He previously worked as a construction worker, machinist, and lab tech. (AR 36, 58.)

On April 18, 2011, Plaintiff submitted an application for SSI. He alleged that he had been unable to work since January 6, 2010,[2] because of "tissue damage" to his feet, "back and neck problems," and "severe allergies." (AR 12, 60, 131, 166.) After his application was denied initially and on reconsideration (AR 74, 81), he requested a hearing before an Administrative Law Judge (AR 87). A hearing was held on August 23, 2012, at which Plaintiff, who was represented by counsel, and a vocational expert ("VE") testified. (AR 27-51.) In a written decision issued November 1, 2012, the ALJ found Plaintiff not disabled. (AR 12-19.) On June 4, 2014, the Appeals Council denied Plaintiff's request for review. (AR 1-3.) This action followed.

---

[1] Plaintiff testified that he completed an AS degree (AR 31) but he wrote in a disability report that he completed only the 12th grade (AR 167).

[2] In Plaintiff's SSI application, he reported that he became unable to work on January 6, 2010. (AR 131.) But in a disability report, he reported that he stopped working on September 19, 2009, because he was laid off; that same day his conditions became severe enough to keep him from working; and he "made changes" in his work activity because of his conditions on January 6, 2010. (AR 166.)

**III. STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free of legal error and supported by substantial evidence based on the record as a whole. See id.; Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for the Commissioner's. Id. at 720-21.

**IV. THE EVALUATION OF DISABILITY**

People are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or which has lasted, or is expected to last, for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992).

A.   The Five-Step Evaluation Process

An ALJ follows a five-step sequential evaluation process to assess whether someone is disabled. 20 C.F.R. § 416.920(a)(4); Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995) (as amended Apr. 9, 1996). In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim must be denied. § 416.920(a)(4)(i). If the claimant is not engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting his ability to do basic work activities; if not, a finding of not disabled is made and the claim must be denied. § 416.920(a)(4)(ii). If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether it meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R. part 404, subpart P, appendix 1; if so, disability is conclusively presumed and benefits are awarded. § 416.920(a)(4)(iii).

If the claimant's impairment or combination of impairments does not meet or equal one in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient residual functional capacity ("RFC")[3] to perform his past work; if so, he is not disabled and the claim must be

---

[3] RFC is what a claimant can do despite existing exertional and nonexertional limitations. § 416.945; see Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

denied. § 416.920(a)(4)(iv). The claimant has the burden of proving he is unable to perform past relevant work. Drouin, 966 F.2d at 1257. If the claimant meets that burden, a prima facie case of disability is established. Id. If that happens or if the claimant has no past relevant work, the Commissioner then bears the burden of establishing that the claimant is not disabled because he can perform other substantial gainful work available in the national economy. § 416.920(a)(4)(v). That determination comprises the fifth and final step in the sequential analysis. § 416.920; Lester, 81 F.3d at 828 n.5; Drouin, 966 F.2d at 1257.

    B.   The ALJ's Application of the Five-Step Process

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 18, 2011, the application date. (AR 14.) At step two, he concluded that Plaintiff had severe impairments of cervical and lumbar degenerative disc disease, obesity, and dermatitis. (Id.) At step three, the ALJ determined that Plaintiff's impairments did not meet or equal any of the impairments in the Listing. (Id.) At step four, he found that Plaintiff had the RFC "to perform a range of light work"[4] with the following limitations:

    [he] can lift and/or carry 20 pounds occasionally and 10

---

[4] "Light work" involves "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." § 416.967(b). "Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." Id. A person who can do light work can generally also do sedentary work. Id.

> pounds frequently; sit and/or stand for four hours out of an eight hour workday; sit for six hours out of an eight hour workday; occasionally climb stairs and ramps; occasionally stoop and bend; and work in an air conditioned environment. The claimant is precluded from unprotected heights; temperature extremes; vibrations; climbing ladders; and balancing.[5]

(AR 15.) Based on the VE's testimony, the ALJ found that Plaintiff could not perform his past relevant work as a machinist. (AR 17.) At step five, the ALJ found that Plaintiff could perform jobs existing in significant numbers in the national economy. (AR 18.) Accordingly, he found him not disabled. (AR 19.)

**V. DISCUSSION**

Plaintiff contends that the ALJ erred in (1) assessing his credibility (J. Stip. at 3) and (2) relying on the VE's testimony that he could perform certain jobs (id. at 16). Remand is

---

[5] The RFC appears to contain a transcription error. It states that Plaintiff can "sit and/or stand for four hours out of an eight hour workday" and "sit for six hours out of an eight hour workday" but does not give any limitation on walking. (AR 15.) The ALJ's hypotheticals to the VE stated that the person "could stand or walk four hours out of an eight-hour day" and "sit six hours out of an eight-hour day" (AR 48-49), and in his decision the ALJ stated that the hypotheticals he presented to the VE were of a person with Plaintiff's RFC (AR 18). Thus, the Court assumes that the ALJ meant to limit Plaintiff to four hours of walking or standing. See O'Quinn v. Colvin, No. SACV 13-178-SP, 2013 WL 6080185, at *1 n.2 (C.D. Cal. Nov. 18, 2013). Indeed, Plaintiff does not dispute that his RFC limited him to four hours of standing or walking in an eight-hour day or argue for remand on this basis. (See J. Stip. at 18.) On remand, the ALJ can correct the error.

warranted because the ALJ failed to provide a clear and convincing reason for discounting Plaintiff's credibility.

### A. The ALJ Did Not Properly Assess Plaintiff's Credibility

#### 1. Applicable law

An ALJ's assessment of symptom severity and claimant credibility is entitled to "great weight." See Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). "[T]he ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)." Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012) (internal quotation marks omitted).

In evaluating a claimant's subjective symptom testimony, the ALJ engages in a two-step analysis. See Lingenfelter, 504 F.3d at 1035-36. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment [that] could reasonably be expected to produce the pain or other symptoms alleged." Id. at 1036 (internal quotation marks omitted). If such objective medical evidence exists, the ALJ may not reject a claimant's testimony "simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged." Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir. 1996) (emphasis in original).

If the claimant meets the first test, the ALJ may discredit the claimant's subjective symptom testimony only if he makes specific findings that support the conclusion. See Berry v. Astrue, 622 F.3d 1228, 1234 (9th Cir. 2010). Absent a finding or

affirmative evidence of malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's testimony. Lester, 81 F.3d at 834; Ghanim v. Colvin, 763 F.3d 1154, 1163 & n.9 (9th Cir. 2014).

In assessing a claimant's credibility, the ALJ may consider (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; (3) the claimant's daily activities; (4) the claimant's work record; and (5) testimony from physicians and third parties. Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002); Smolen, 80 F.3d at 1284. If the ALJ's credibility finding is supported by substantial evidence in the record, the reviewing court "may not engage in second-guessing." Thomas, 278 F.3d at 959.

### 2. Relevant background

At the August 23, 2012 hearing, Plaintiff testified that his allergies and neck, back, ankle, and right-shoulder problems prevented him from working. (AR 37.) He said he was injured in a motorcycle accident on September 14, 2009 (id.), which, in addition to his severe allergies, was "what [his] problems today [were] stemming from" (AR 38-39). Plaintiff testified that he broke out in blisters three times a year, and when the blisters popped and dried it was "hard to even grab a pen or a fork." (AR 39-40.) Plaintiff used a cane at the hearing and said it was prescribed by a doctor. (AR 45-46.) He testified that during a typical day he ate, "usually [tried] to take a shower," "[tried]

to do a few chores," and "ma[d]e sure [his] laundry [was] double washed" because soap "just tears [him] up." (AR 42.) He drove his truck, which had a stick shift, to the hearing. (AR 30.)

At an internal-medicine consultation on September 18, 2012, Plaintiff reported to the examining physician "that his pain [was] aggravated with any sort of movement" of his back or neck, "especially with neck movements, getting out of bed, [and] prolonged standing and walking." (AR 318.) He reported that "the pain from his neck radiates to his shoulders and he has some difficulty using his left shoulder, especially with reaching above his head," and his "back pain radiates down both legs often and is associated with numbness and tingling." (Id.)

### 3. Analysis

The ALJ concluded that Plaintiff's "allegations concerning the intensity, persistence and limiting effects of [his] symptoms [were] less than fully credible" because (1) he "described a rather normal level of everyday activities" and (2) his "allegations of severe pain and allergies [were] inconsistent with the objective medical evidence." (AR 15.) For the reasons stated below, the ALJ's findings are not sufficient to discount Plaintiff's credibility.

First, daily activities can be a clear and convincing reason for discounting credibility when those activities either (1) "indicat[e] capacities that are transferable to a work setting" or (2) "contradict claims of a totally debilitating impairment." Molina, 674 F.3d at 1112-13.

Here, the ALJ found that Plaintiff's ability "to perform self-care unassisted," "[do] the laundry," and "[drive] himself

to the hearing" indicated that he had "[t]he physical and mental capabilities requisite to performing" the tasks "necessary for obtaining and maintaining employment." (AR 15-16.)  Although Plaintiff testified that he drove a truck with a stick shift to the hearing (AR 30), and during a typical day he ate, "usually [tried] to take a shower," "[tried] to do a few chores," and "ma[d]e sure [his] laundry [was] double washed" (AR 42), it is not clear how those activities are equivalent to obtaining and maintaining work.  Plaintiff nowhere explained what chores he did other than the laundry, and although he drove his truck to the hearing, he did not state how often he drove or for how long, and the ALJ did not elicit further testimony regarding those activities.  Plaintiff also ate and tried to shower each day, but it is not clear how those activities, even combined with doing the laundry and driving to the hearing (AR 15-16), indicate that he "is able to spend a *substantial part* of [his] day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir. 2001) (citation omitted).

If a claimant's activities "are not transferable to the workplace," they still "may provide a legitimate ground for discounting the claimant's credibility" when they "are inconsistent with the claimant's subjective complaints." Caballero v. Colvin, No. EDCV 12-1366-SP, 2013 WL 2121253, at *4 (C.D. Cal. May 14, 2013); see Molina, 674 F.3d at 1113.  But the ALJ did not specifically point to any such inconsistency. Indeed, he did not elicit any testimony regarding Plaintiff's other daily chores beyond his laundry.  Nor did the ALJ explain

10

how Plaintiff's other activities – showering, eating, and driving to the hearing – were inconsistent with his subjective complaints. When citing a claimant's daily activities as a basis for rejecting his allegations, an ALJ must "elaborate on *which* daily activities conflicted with *which* part of Claimant's testimony." Burrell v. Colvin, 775 F.3d 1133, 1138 (9th Cir. 2014). The ALJ failed to state why Plaintiff's limited daily activities indicated that his statements concerning his alleged limitations were not credible. The ALJ's discounting of Plaintiff's credibility based on daily activities thus was not supported by substantial evidence. See Vertigan, 260 F.3d at 1050 (noting that "the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability"); Caballero, 2013 WL 2121253, at *4 (finding that ALJ erred in discounting credibility in part because "there is nothing in the daily activities cited by the ALJ that is inconsistent with" claimed limitation).[6]

Second, the ALJ found Plaintiff's testimony not credible because his "allegations of severe pain and allergies [were] inconsistent with the objective medical evidence, which indicates

---

[6] At doctor's appointments on June 3, 2010, and February 27, 2012, Plaintiff reported that he was a caregiver for his 84-year-old mother. (AR 269, 308.) Although that appears inconsistent with Plaintiff's allegations that he was totally disabled by pain and allergies during the same period, the ALJ did not discuss that evidence, and a court may not "affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss." Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003).

an attempt by the claimant to exaggerate the severity of his symptoms." (AR 15.) The ALJ noted that Plaintiff's medical records indicated that his cervical-spine degenerative disc disease, spinal canal stenosis, and central canal and bilateral neural foraminal stenosis were described as "mild" or "mild to moderate." (AR 16; see also AR 257.) The ALJ also pointed to treatment notes that "indicated medications helped to control the claimant's rashes from allergies." (AR 16; see also AR 208, 212.) Although the ALJ's finding may be supported by substantial evidence, an ALJ may not disregard a claimant's subjective symptom testimony solely because it is not substantiated affirmatively by objective medical evidence. Robbins, 466 F.3d at 883; see also Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) (stating that ALJ may consider "lack of medical evidence" as factor in credibility analysis but it "cannot form the sole basis for discounting pain testimony"). Thus, even if the Court were to agree that the objective medical evidence did not support Plaintiff's allegations of disabling pain, remand is still warranted because the ALJ failed to give any other clear and convincing reason for discounting Plaintiff's credibility.[7] See

---

[7] Indeed, other evidence seems to indicate that Plaintiff's pain is not as bad as he alleges. For example, Plaintiff testified that he could not work because of right-shoulder and ankle pain (AR 37), but at a medical exam one month after the hearing he reported left-shoulder pain and did not report ankle pain (AR 318, 320-21). Plaintiff also reported debilitating back and neck pain (AR 37, 166), but at a July 28, 2011 appointment he reported that his neck pain was "significantly improved" and he had experienced "almost a year worth of pain relief" in his low back after his last epidural injection (AR 300). At a September 16, 2011 follow-up appointment to an epidural injection, he reported "[m]arked improvement in lower back pain" (AR 291). As

12

Robbins, 466 F.3d at 884-85 (reversing Commissioner when ALJ did not provide "narrative discussion" with sufficiently specific reasons for discounting claimant's statements); Figueroa v. Colvin, No. CV 14-06522 (GJS), 2015 WL 4331300, at *2 (C.D. Cal. July 15, 2015) (remanding for further proceedings because ALJ failed to provide clear and convincing reasons for discounting claimant's credibility "apart from the lack of objective medical evidence"); Caballero, 2013 WL 2121253, at *4 (remanding for further proceedings because ALJ erred in rejecting plaintiff's testimony based on daily activities, and remaining reason, lack of objective medical evidence, "[could not] alone constitute a clear and convincing reason for discounting plaintiff's complaints of pain").

Plaintiff is entitled to remand on this ground.

B. The ALJ Did Not Err in Relying on the VE's Testimony

1. Applicable law

At step five of the five-step process, the Commissioner has the burden to demonstrate that the claimant can perform some work that exists in "significant numbers" in the national or regional economy, taking into account the claimant's RFC, age, education, and work experience. Tackett v. Apfel, 180 F.3d 1094, 1100 (9th Cir. 1999); 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 416.960(c). The Commissioner may satisfy that burden either through the testimony of a VE or by reference to the Medical-Vocational

---

the ALJ noted (AR 16), moreover, an MRI of Plaintiff's cervical spine showed only mild or mild to moderate degenerative disc disease, spinal canal stenosis, and central canal and bilateral neural forminal stenosis (AR 257).

Guidelines appearing in 20 C.F.R. part 404, subpart P, appendix 2. Tackett, 180 F.3d at 1100-01; see also Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012) (noting that ALJ may meet step-five burden by asking VE hypothetical question encompassing all claimant's limitations supported by record). When a VE provides evidence about the requirements of a job, the ALJ has a responsibility to ask about "any possible conflict" between that evidence and the DOT. See SSR 00-4p, 2000 WL 1898704, at *4 (Dec. 4, 2000); Massachi v. Astrue, 486 F.3d 1149, 1152-54 (9th Cir. 2007) (holding that application of SSR 00-4p is mandatory). When such a conflict exists, the ALJ may accept VE testimony that contradicts the DOT only if the record contains "persuasive evidence to support the deviation." Pinto v. Massanari, 249 F.3d 840, 846 (9th Cir. 2001) (quoting Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995)); see also Tommasetti v. Astrue, 533 F.3d 1035, 1042 (9th Cir. 2008) (finding error when "ALJ did not identify what aspect of the VE's experience warranted deviation from the DOT").

The DOT "is not the sole source of admissible information concerning jobs," and the ALJ "may take administrative notice of any reliable job information, including the services of a vocational expert." Johnson, 60 F.3d at 1435 (alteration and citations omitted). The DOT "lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings," and a VE "may be able to provide more specific information about jobs or occupations than the DOT." SSR 00-4p, 2000 WL 1898704, at *3. "A VE's recognized expertise provides the necessary foundation

for his or her testimony," and "no additional foundation is required." Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005).

### 2. Relevant background

The ALJ presented to the VE a hypothetical person of Plaintiff's "age, education, and prior work experience" with the following limitations:

> [He can] lift or carry 20 pounds occasionally, 10 pounds frequently; [can] stand or walk four hours out of an eight-hour day; [can] sit six hours out of an eight-hour day. No unprotected heights. No vibration. No temperature extremes. Also air-conditioned environment. No ladders, no balancing. Occasional stairs and ramps, occasional stooping and bending.

(AR 48.) The VE testified that such a person would not be able to perform Plaintiff's past relevant work, but he would be able to perform the light, unskilled jobs of cashier II (DOT 211.462-010, available at 1991 WL 671840), counter clerk (DOT 249.366-010, available at 1991 WL 672323), and folding-machine operator (DOT 208.685-014, available at 1991 WL 671754). (AR 48-49.) When the ALJ asked whether the VE's testimony was "consistent with the DOT," the VE responded, "[y]es, your honor." (AR 49.) She later clarified,

> [M]ay I just add to your comment consistent with the DOT. I would note that the three samples are in the light exertional range. The four hours of standing and walking, I'm also using my expertise in seeing those jobs performed in the field.

(AR 50.) When invited to examine the VE, Plaintiff's counsel declined. (Id.)

### 3. Analysis

Plaintiff contends that the VE's testimony deviated from the DOT and the ALJ failed to secure an explanation for that deviation. (J. Stip. at 20.) The ALJ's reliance on the VE's testimony that Plaintiff could perform the jobs of cashier II, counter clerk, and folding-machine operator was proper.

Plaintiff does not challenge the accuracy of the hypothetical presented to the VE, which contained all the limitations the ALJ included in Plaintiff's RFC. (Compare AR 15, with AR 48.) When a hypothetical includes all of a claimant's credible functional limitations, an ALJ is generally entitled to rely on the VE's response to it. Thomas, 278 F.3d at 956; see also Bayliss, 427 F.3d at 1218. Plaintiff contends, however, that because SSR 83-10 states that "light work requires standing or walking, off and on, for a total of approximately six hours of an eight-hour workday," the VE's testimony that the three light-work positions would accommodate such a limitation deviates from the DOT without explanation, warranting reversal. (J. Stip. at 18, 20.)

As an initial matter, it is not clear that the VE's testimony conflicts with the DOT. The DOT descriptions themselves state that a "light work" job requires only one of the following: "significant" walking and standing, sitting most of the time with pushing and pulling of controls, or "working at a production rate pace entailing the constant pushing and/or pulling of materials even though the weight of those materials is

negligible." DOT 211.462-010, 1991 WL 671840 (cashier II); DOT 249.366-010, 1991 WL 672323 (counter clerk); DOT 208.685-014, 1991 WL 671754 (folding-machine operator). Thus, not all light work requires six hours of standing or walking. See § 416.967(b) (stating that work may be classified as light when it requires a "good deal of walking or standing" or "sitting most of the time with some pushing and pulling of arm or leg controls"). As such, a conflict likely does not exist here. See Thompson v. Colvin, No. EDCV 13-1851-SP, 2015 WL 1476001, at *5 (C.D. Cal. Mar. 31, 2015) (finding no conflict between DOT descriptions of light-work jobs and VE's testimony that person limited to two hours of standing or walking could perform them); Saiz v. Astrue, No. EDCV 11-00290-MAN, 2012 WL 1155946, at *2, *4 (C.D. Cal. Apr. 6, 2012) (finding no conflict between DOT descriptions of light-work jobs and VE's testimony that person limited to four hours of standing or walking could perform them).

But even if a conflict existed, Plaintiff is incorrect that the VE offered no explanation for it. (J. Stip. at 20.) As noted, the VE specifically testified that she was "using [her] expertise in seeing those jobs performed in the field" to find that they did not require more than "four hours of standing and walking." (AR 50.) Thus, any conflict was explained adequately. See Massachi, 486 F.3d at 1154 n.19 (apparent conflict does not warrant remand when VE provides "sufficient support for her conclusions as to justify any potential conflicts").

The DOT contains only maximum requirements of various jobs; it is up to the ALJ, often with the assistance of a VE, to determine the specific requirements of a particular job in a

particular setting. See SSR 00-4p, 2000 WL 1898704, at *3.  Once the VE clarified that based on her "expertise in seeing those jobs performed in the field" they could accommodate a limitation of four hours of standing or walking (see AR 50), the ALJ was entitled to rely on that testimony, see Bayliss, 427 F.3d at 1218.  Further, although Plaintiff's counsel had the opportunity to question the VE, he affirmatively stated that he had "[n]o questions."  (AR 50); cf. Solorzano v. Astrue, No. ED CV 11-369-PJW, 2012 WL 84527, at *6 (C.D. Cal. Jan. 20, 2012) (noting counsel's duty to raise conflict with DOT at hearing).  The ALJ was therefore entitled to rely on the VE's informed, specific, and uncontradicted explanation.  See Bayliss, 427 F.3d at 1218.

Remand is not warranted on this ground.

C.   Remand for Further Proceedings Is Appropriate

When, as here, an ALJ errs in denying benefits, the Court generally has discretion to remand for further proceedings.  See Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000) (as amended).  When no useful purpose would be served by further administrative proceedings, however, or when the record has been fully developed, it is appropriate under the "credit-as-true" rule to direct an immediate award of benefits.  See id. at 1179 (noting that "the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"); Garrison v. Colvin, 759 F.3d 995, 1019-20 (9th Cir. 2014).

Under the credit-as-true framework, three circumstances must be present before the Court may remand to the ALJ with instructions to award benefits:

(1) the record has been fully developed and further

18

> administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Id.; Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1100-01 (9th Cir. 2014). When, however, the ALJ's findings are so insufficient that the Court cannot determine whether the rejected testimony should be credited as true, the Court has flexibility in applying the credit-as-true rule. Treichler, 775 F.3d at 1101 (noting that remand for benefits is inappropriate when "there is conflicting evidence, and not all essential factual issues have been resolved").

Here, remand for further proceedings is appropriate because the ALJ failed to provide a clear and convincing reason for rejecting Plaintiff's testimony. But the record also contains evidence suggesting that he may be capable of working: several of his impairments are described as mild or moderate (AR 257), the internal-medicine consultative examiner and state-agency physicians found him capable of working with some limitations (AR 322-28, 56-57, 65-66), and medication and treatment apparently offered him significant pain and symptom relief (AR 208, 300, 304). As such, remand for further credibility analysis and findings is appropriate.

## VI. CONCLUSION

Consistent with the foregoing, and pursuant to sentence four of 42 U.S.C. § 405(g),[8] IT IS ORDERED that judgment be entered REVERSING the decision of the Commissioner, GRANTING Plaintiff's request for remand, and REMANDING this action for further proceedings consistent with this Memorandum Opinion. IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment on counsel for both parties.

DATED: July 31, 2015

JEAN ROSENBLUTH
U.S. Magistrate Judge

---

[8] That sentence provides: "The [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."